UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ANDERS COLETTI,

     Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANDERS COLETTI, a resident and citizen of the state of Florida, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, ("CARNIVAL") and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. Plaintiff ANDERS COLETTI is *sui juris* and at all material times is and has been a citizen and resident of the state of Florida.

3. Defendant, CARNIVAL CORPORATION is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida.  At all material times CARNIVAL

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

has done business under the fictitious name "CARNIVAL CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4.      Subject matter jurisdiction exists, based on admiralty pursuant to 28 U.S.C. §1333. The events and injuries alleged below occurred while Plaintiff was on a vessel sailing on and located within navigable waters, and arose out of a traditional maritime activity, the operation of a passenger cruise vessel.

5.      At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in *personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6.      At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7.      At all material times, CARNIVAL has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff.

8.      In the operative ticket contract, CARNIVAL requires fare paying passengers such as Plaintiff to bring any lawsuit against CARNIVAL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9.      Venue is also proper in this district because CARNIVAL's principal place of business is located within this district.

10.     The Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and written medical records were prepared onboard the ship.  Furthermore, the Plaintiff gave the Defendant by letter a timely written notice of claim, as required by the ticket contract.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS

11.     At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "LIBERTY."

12.     At all material times, including the injury date of April 30, 2022, Plaintiff was a fare paying passenger aboard the LIBERTY and in that capacity was lawfully present aboard the vessel.

13.     On April 30, 2022, the Plaintiff was walking from the exterior Lido Deck area to an interior area on Deck 9 of the LIBERTY.  The interior floor was wet with water or a wet, slippery, transitory substance, causing Plaintiff to slip and fall, thereby sustaining serious injuries to his shoulder and knee, which required multiple surgical repairs.

14.     At all material times a dangerous condition existed on the floor referenced in Paragraph 13 above, to-wit: a wet, slippery, transitory, and/or foreign substance on the interior floor of Deck 9 onboard the LIBERTY.

15.     As a direct and proximate result of the slip and fall described in the Paragraph 13, Plaintiff was injured in and about his body and extremities, sustaining injuries including to his shoulder and knee, which required multiple surgeries, suffered pain and mental anguish therefrom, and sustained disfigurement, disability and the inability to lead a normal life. Furthermore, he incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries, the future medical damages being reasonably certain to occur. He has sustained aggravation or activation of preexisting injuries and conditions. Plaintiff has also lost earnings and has sustained a loss of capacity to earn money in the future. These damages are

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

permanent or continuing in nature and Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE
### (Direct Liability)

16.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17.     At all material times CARNIVAL owed Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for his safety, including a duty to maintain the interior floor surface on Deck 9 of the LIBERTY in a reasonably safe condition for passenger use.

18.     At all material times there existed a hazardous condition on the floor surface referenced above, as described in Paragraph 14.

19.     At all material times prior to Plaintiff's slip and fall, Defendant CARNIVAL including Senior Management, knew or should have known that, as a matter of importance onboard the LIBERTY and sister ships in the CONQUEST class of vessels (including the LIBERTY), "constant entering and exiting" on the Lido Deck from exterior pool areas is known to result in guest slip and falls due to the carrying of water and grease onto tiles in interior areas as documented in CARNIVAL's own internal safety documentation. *See* Exhibit 1.

20.     In addition to the notice allegations in the preceding paragraph, actual or constructive notice can also be inferred because the wet, slippery floor surface on Deck 9 of the LIBERTY had been present for a sufficient period of time before the Plaintiff's fall described in Paragraph 13 above, such that the Defendant knew or should have known of it and had an opportunity to take corrective measures. Specifically, it was raining during a two-hour period before Plaintiff traversed the exterior area on Deck 9, which did or should have put CARNIVAL

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

and its crewmembers on notice of the wet condition of the deck, and it had the opportunity to implement measures to place appropriately situated warning signs in the area where Plaintiff fell, or divert passenger traffic accordingly. *See Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1288-89 (11th Cir. 2015) (concluding that a cruise ship operator had notice that the ship's pool deck could be slippery after rain from evidence that crewmembers sometimes posted warning signs on the pool deck after rain).

21.    Notwithstanding its actual or constructive knowledge of the dangerous condition as alleged above, CARNIVAL failed to correct the hazardous condition of the floor surface before the Plaintiff slipped and fell as alleged above.

22.    On April 30, 2022, Defendant CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor surface where Plaintiff slipped and fell, in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a.    Failing to maintain the floor surface where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards;

b.    Failing to use a floor surface where Plaintiff fell that would provide adequate slip resistance to prevent slip and falls from occurring;

c.    Failing to inspect, clean, and/or maintain the floor surface where Plaintiff slipped, in a dry and/or clean condition;

d.    Failing to prevent wet, slippery, transitory, or foreign substances from accumulating in high traffic areas, including the floor where Plaintiff slipped and fell;

e.    Failing to conduct frequent, timely, or adequate inspections of the interior floor surface on Deck 9 to identify or detect potential slip and fall hazards such as

the wet, slippery, transitory, or foreign substance on the floor in the area where Plaintiff fell;

f.  Failing in a timely manner to remove, cordon off or otherwise ameliorate the wet or slippery hazard on the floor surface posed by the wet, slippery, transitory, or foreign substance that accumulated on the area of Deck 9 of the LIBERTY prior to Plaintiff's slip and fall;

g.  Failing to implement and enforce adequate policies and procedures to ensure that the interior floor surface on Deck 9 of the LIBERTY was safe so as to prevent slips and falls from occurring;

h.  Failing to staff and deploy a sufficient number of personnel to implement and enforce adequate policies and procedures to ensure that the interior floor surface on Deck 9 of the LIBERTY was safe so as to prevent slip and falls from occurring;

i.  Failing to employ sufficient crewmembers or adequately train its crew to maintain the floor surface where Plaintiff slipped, and the adjacent areas, free of slip and fall hazards.

23.   As a direct and proximate result of the negligence of CARNIVAL described above, the Plaintiff slipped and fell as described in Paragraph 13 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO CORRECT
### (Direct Liability)

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

24.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

25.     At all material times, Defendant CARNIVAL owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to correct dangerous conditions of which it knew or should have known about in the exercise of reasonable care.

26.     On April 30, 2022, Plaintiff was walking from the exterior area of Deck 9 into an interior area on the LIBERTY as described in Paragraph 13 above when he slipped on a wet, slippery, transitory, and/or foreign substance on the interior floor surface.

27.     At all material times, a dangerous condition existed on the floor as described in Paragraph 14 above.

28.     At all material times prior to Plaintiff's slip and fall, Defendant CARNIVAL including Senior Management, knew or should have known that, as a matter of importance onboard the LIBERTY and sister ships in the CONQUEST class of vessels (including the LIBERTY), "constant entering and exiting" on the Lido Deck from exterior pool areas is known to result in guest slip and falls due to the carrying of water and grease onto tiles in interior areas as documented in CARNIVAL's internal safety documentation. *See* Exhibit 1.

29.     In addition to the notice allegations in the preceding paragraph, actual or constructive notice can also be inferred because the wet, slippery floor surface on Deck 9 of the LIBERTY had been present for a sufficient period of time before the Plaintiff's fall described in Paragraph 13 above, such that the Defendant knew or should have known of it and had an opportunity to take corrective measures. Specifically, it was raining during a two-hour period before Plaintiff traversed the exterior area on Deck 9, which did or should have put CARNIVAL and its crewmembers on notice of the wet condition of the deck, and it had the opportunity to

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

implement measures to place appropriately situated warning signs in the area where Plaintiff fell, or divert passenger traffic accordingly. *See Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1288-89 (11th Cir. 2015) (concluding that a cruise ship operator had notice that the ship's pool deck could be slippery after rain from evidence that crewmembers sometimes posted warning signs on the pool deck after rain).

30.     On April 30, 2022, Defendant CARNIVAL breached its duty of reasonable care to correct dangerous conditions owed to Plaintiff and was thereby negligent in one or more of the following ways:

a.     Failing to inspect and correct the condition of the floor surface in the area where Plaintiff slipped and fell so as to prevent slip and fall hazards;

b.     Failing to use non-skid strips, slip resistant paint, or mats to prevent slip and falls from occurring;

c.     Failing to inspect and correct the condition of the floor surface in the area where Plaintiff slipped and fell so as to ensure adequate slip resistance;

d.     Failing to inspect, clean, and dry the surface of the interior deck where Plaintiff slipped and fell;

e.     Failing to remove, cordon off or otherwise ameliorate the wet or slippery floor hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the interior deck where Plaintiff slipped and fell;

f.     Failing to implement and/or enforce adequate policies and procedures to ensure that the floor surface in the area where Plaintiff slipped and fell was safe so as to prevent slips and falls from occurring;

g.       Failing to adequately train its crew to correct and/or remedy slipping hazards on the floor surface in the area where Plaintiff slipped and fell;

h.       Negligently allowing wet, slippery, transient, and/or foreign substances to be present on the interior deck where Plaintiff slipped and fell.

31.      As a direct and proximate result of one or more of the Defendant's negligent acts as described above, the Plaintiff slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT III - NEGLIGENT FAILURE TO WARN OF HAZARD**</u>
**(Direct Liability)**

32.      The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

33.      At all material times CARNIVAL owed the Plaintiff, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn her of onboard conditions posing hazards, such as the wet and slippery condition of the floor surface referenced in Paragraph 13.

34.      At all material times there existed a hazardous condition on the floor surface referenced above, as described in Paragraph 14, to wit: a wet or slippery transient substance. Plaintiff did not and could not anticipate that the interior surface where he stepped would be wet, or so wet as to cause an unreasonable degree of slipperiness of that surface through ordinary observation without expert testing.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

35.     At all material times prior to Plaintiff's slip and fall, Defendant CARNIVAL including Senior Management, knew or should have known that, as a matter of importance onboard the LIBERTY and sister ships in the CONQUEST class of vessels (including the LIBERTY), "constant entering and exiting" on the Lido Deck from exterior pool areas is known to result in guest slip and falls due to the carrying of water and grease onto tiles in interior areas as documented in CARNIVAL's internal safety documentation. *See* Exhibit 1.

36.     In addition to the notice allegations in the preceding paragraph, actual or constructive notice can also be inferred because the wet, slippery floor surface on Deck 9 of the LIBERTY had been present for a sufficient period of time before the Plaintiff's fall described in Paragraph 13 above, such that the Defendant knew or should have known of it and had an opportunity to take corrective measures. Specifically, it was raining during a two-hour period before Plaintiff traversed the exterior area on Deck 9, which did or should have put CARNIVAL and its crewmembers on notice of the wet condition of the deck, and it had the opportunity to implement measures to place appropriately situated warning signs in the area where Plaintiff fell, or divert passenger traffic accordingly. *See Sorrels v. NCL (Bahamas) Ltd*., 796 F.3d 1275, 1288-89 (11th Cir. 2015) (concluding that a cruise ship operator had notice that the ship's pool deck could be slippery after rain from evidence that crewmembers sometimes posted warning signs on the pool deck after rain).

37.     On April 30, 2022, Defendant CARNIVAL breached its duty to Plaintiff by failing to take reasonable safety measures to maintain the floor surface, including the area where Plaintiff slipped and fell, in a reasonably safe condition and was thereby negligent, in one or more of the following ways:

a.   Failing to warn of the dangerous condition through written or orally delivered warnings;

b.   Failing to place appropriate signage, markings, and/or placement of cones near the dangerous condition;

c.   Failing to cordon off the dangerous area pending its cleaning and drying, or otherwise.

38.     As a direct and proximate result of the negligence of CARNIVAL described above, Plaintiff slipped and fell as described in Paragraph 13 above and thereby has sustained and will continue in the future to sustain the damages described in Paragraph 15 above.

**WHEREFORE,** the Plaintiff demands judgment against CARNIVAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT IV - NEGLIGENT MAINTENANCE**</u>
**(Vicarious Liability)**

39.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

40.     At all material times, Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 described in Paragraph 13, owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to maintain the floor surface of CARNIVAL's vessel where Plaintiff slipped and fell, in a reasonably safe condition.

41.     At all material times, Defendant CARNIVAL was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were acting in furtherance of the business of operating CARNIVAL's ship "LIBERTY" by maintaining and/or cleaning the area of Deck 9 described in Paragraph 13.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

42.     At all material times, Defendant CARNIVAL's personnel who were responsible for maintaining, cleaning, and inspecting the floors of Deck 9 in the area described in Paragraph 13 onboard the LIBERTY were negligent in one or more of the following ways:

   a.   Failing to maintain the floor surface of the interior deck where Plaintiff slipped and fell in a reasonably safe condition so as to prevent slip and fall hazards;

   b.   Failing to inspect the floor surface where Plaintiff slipped and fell to ensure adequate slip resistance;

   c.   Failing in a timely manner to remove, cordon off or otherwise ameliorate the hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the floor surface;

   d.   Failing to prevent wet, slippery, transitory, and/or foreign substances from accumulating on the interior area of Deck 9 on the LIBERTY where Plaintiff slipped and fell;

   e.   Failing to inspect, clean, and/or maintain the floor surface of the interior area of Deck 9 on the LIBERTY where Plaintiff slipped, in a dry and/or clean condition;

   f.   Failing to conduct frequent, timely, or adequate inspections of the area of Deck 9 on the LIBERTY where Plaintiff slipped and fell to identify or detect potential slip and fall hazards such as the wet, slippery, transitory, or foreign substance on the floor.

43.     The negligent acts and/or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area of Deck 9 described in Paragraph 13, as alleged in the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

preceding paragraph, occurred while those crewmembers, agents, employees, and/or staff were engaged in furtherance of the business of Defendant CARNIVAL's cruise ship LIBERTY.

44.     As a direct and proximate result of one or more of the negligent acts or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 of the LIBERTY described in Paragraph 42 above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

<u>**COUNT V – NEGLIGENT FAILURE TO CORRECT**</u>
**(Vicarious Liability)**

45.     Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

46.     At all material times, Defendant CARNIVAL's personnel assigned to maintain and/or clean the area of Deck 9 described in Paragraph 13, owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to correct dangerous conditions of which they knew or should have known about in the exercise of reasonable care.

47.     At all material times, Defendant CARNIVAL was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were acting in furtherance of the business of CARNIVAL's "LIBERTY" by maintaining and/or cleaning the area of Deck 9 described in Paragraph 13.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

48.     At all material times, Defendant CARNIVAL's personnel who were responsible for maintaining, cleaning, and inspecting the floors of Deck 9 in the area described in Paragraph 13 onboard CARNIVAL's "LIBERTY," were negligent in one or more of the following ways:

a.  Failing to inspect and correct the condition of the floor surface in the area where Plaintiff slipped and fell so as to prevent slip and fall hazards;

b.  Failing to inspect and correct the condition of the floor surface in the area where Plaintiff slipped and fell so as to ensure adequate slip resistance;

c.  Failing to inspect, clean, and dry the surface of the interior area of the deck where Plaintiff slipped and fell;

d.  Failing to remove, cordon off or otherwise ameliorate the wet or slippery floor hazard posed by the wet, slippery, transitory, or foreign substance that accumulated on the interior area of the deck where Plaintiff slipped and fell;

e.  Failing to follow policies and procedures to ensure that the floor surface in the area where Plaintiff slipped and fell was safe so as to prevent slips and falls from occurring;

f.  Negligently allowing wet, slippery, transient, and/or foreign substances to be present on the interior area of the deck where Plaintiff slipped and fell.

49.     The negligent acts and/or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area of Deck 9 described in Paragraph 13, as alleged in the preceding paragraph, occurred while those crewmembers, agents, employees, and/or staff were engaged in furtherance of the business of Defendant CARNIVAL's "LIBERTY."

50.     As a direct and proximate result of one or more of the negligent acts or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 of the

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

"LIBERTY," described in Paragraph 48 above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT VI – NEGLIGENT FAILURE TO WARN
### (Vicarious Liability)

51.    Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

52.    At all material times, Defendant CARNIVAL's personnel assigned to maintain and/or clean the area of Deck 9 of the LIBERTY described in Paragraph 13, owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety, including a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care its passengers may reasonably be expected to encounter on the vessel.

53.    At all material times, Defendant CARNIVAL was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were acting in furtherance of the business of CARNIVAL's "LIBERTY" by maintaining and/or cleaning the area of Deck 9 described in Paragraph 13.

54.    At all material times there existed a hazardous condition on the floor surface referenced above, as described in Paragraph 14, to wit: a wet or slippery transient substance. Plaintiff did not and could not anticipate that the interior surface where he stepped would be wet, or so wet as to cause an unreasonable degree of slipperiness of that surface through ordinary observation without expert testing.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

55.     At all material times, Defendant CARNIVAL's personnel who were responsible for maintaining, cleaning, and inspecting the floors of Deck 9 in the area described in Paragraph 13 onboard the LIBERTY, were negligent in one or more of the following ways:

a.   Failing to warn of the dangerous condition through written or orally delivered warnings;

b.   Failing to cordon off the floor surface in the area of Deck 9 where Plaintiff slipped and fell to prevent slip and falls from occurring;

c.   Failing to place appropriate signage, markings, and/or cones near the dangerous condition.

56.     The negligent acts and/or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area of Deck 9 described in Paragraph 13, as alleged in the preceding paragraph, occurred while those crewmembers, agents, employees, and/or staff were engaged in furtherance of the business of Defendant CARNIVAL's "LIBERTY."

57.     As a direct and proximate result of one or more of the negligent acts or omissions of Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 of the "LIBERTY," described in Paragraph 55 above, the Plaintiff slipped and fell as alleged in Paragraph 13 and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff demands judgment against Defendant CARNIVAL for compensatory damages, interest and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

Executed August 25, 2023.

*/s/Nicholas Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
SHANNON CROSBY
Florida Bar No. 1010207
scrosby@gslawusa.com
BRANDON P. VOLK
Florida Bar No. 1019012
bvolk@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749
*Attorneys for Plaintiff*

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com