UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23275-BLOOM/Torres

ANDERS COLETTI,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Dismiss Counts IV – VI of Plaintiff's Complaint, ECF No. [11] ("Motion"), filed on October 18, 2023. Plaintiff Anders Coletti filed a Response in Opposition, ECF No. [14], to which Defendant filed a Reply, ECF No. [17]. The Court has reviewed the Complaint, the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.   BACKGROUND**

    **A.  Complaint**

Plaintiff's Complaint alleges the following:

Plaintiff was a fare-paying passenger aboard Defendant's cruise ship, the *Liberty*. ECF No. [1] ¶ 12. On April 30, 2022, Plaintiff was walking from the exterior Lido Deck area to an interior area on Deck 9 of the Liberty. *Id.* ¶ 13. Plaintiff alleges he slipped and fell on a "wet, slippery, transitory, and /or foreign substance on the interior floor" while walking on the tiled floor of Deck 9. *Id.* ¶ 14. Plaintiff asserts six counts of negligence: Count I – negligent maintenance (direct liability); Count II – negligent failure to correct (direct liability); Count III – negligent failure to

warn of hazard (direct liability); Count IV – negligent maintenance (vicarious liability); Count V – negligent failure to correct (vicarious liability); and Count VI – negligent failure to warn (vicarious liability).

### B. Motion

Defendant seeks dismissal of Counts IV – VI because they are mirror images of the first three counts, "pled in an attempt to circumvent notice." ECF No. [11] at 1. Alternatively, Defendant argues Counts IV – VI fail to plausibly allege Defendant is vicariously liable for its employees' negligent maintenance, negligent failure to correct, and negligent failure to warn.

## II. LEGAL STANDARD

### A. Failure to State a Claim for Relief

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

### B. General Maritime Law

"Personal-injury claims by cruise ship passengers, complaining of injuries suffered at sea, are within the admiralty jurisdiction of the district courts." *Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1365 (11th Cir. 2018) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587-88, 111 S.Ct. 1522, 1524, 113 L.Ed.2d 622 (1991)). "Maritime law governs actions arising from alleged torts committed aboard a ship sailing in navigable waters." *Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (citing *Keefe v. Bah. Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989)). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To prevail on a negligence claim, a plaintiff must show that '(1) the defendant had a duty to protect the plaintiff from a particular injury, (2) the defendant breached that duty, (3) the breach actually and proximately caused the plaintiff's injury, and (4) the plaintiff suffered actual harm.'" *Guevara*, 920 F.3d at 720 (quoting *Chaparro*, 693 F.3d at 1336).

The duty of reasonable care requires, "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. "In contrast, a shipowner's duty to a plaintiff is not relevant to a claim based on vicarious liability." *Holland v. Carnival Corp.*, 50 F.4th 1088, 1094 (11th Cir. 2022). "When the tortfeasor is an employee, the principle of vicarious liability allows 'an otherwise non-faulty employer' to be held liable 'for the negligent acts of [that] employee acting within the scope of employment.'" *Id.* (quoting *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citation omitted)). "In other words, liability for the agent's negligence is legally imputed to the non-negligent principal." *Id.* (citing *Meyer v. Holley*, 537 U.S. 280, 285-86, 123 S. Ct. 824, 154 L. Ed. 2d 753 (2003)).

3

### III.     DISCUSSION

Defendant primarily relies on the Eleventh Circuit's decision in *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) and argues that negligent maintenance, negligent failure to correct, and negligent failure to warn claims are limited to "direct liability theories[.]" ECF No. [11] at 3. Because Counts IV – VI plead those claims under a theory of vicarious liability, Defendant contends they fail to state a claim and therefore must be dismissed. Alternatively, Defendant argues Count IV – VI implausibly allege that Defendant is vicariously liable for the negligent actions of its employees.

Plaintiff responds that negligent maintenance, negligent failure to correct, and negligent failure to warn claims are properly alleged under either a theory of direct liability, vicarious liability, or both, relying on *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022). Plaintiff also argues that Counts IV – VI plausibly allege that Defendant is vicariously liable for his injury.

#### A.  Vicarious Liability

The Eleventh Circuit has addressed circumstances in which maritime negligence claims are properly alleged under theories of vicarious liability in *Yusko v. NCL (Bah.), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021) and *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022).

In *Yusko*, the Eleventh Circuit held that "a passenger need not establish that a shipowner had actual or constructive notice of a risk-creating condition to hold a shipowner liable for the negligent acts of its employees." 4 F.4th at 1170. The court accordingly reversed the district court's summary judgment on the plaintiff's negligence claim for failing to allege that Defendant was on notice of the risk-creating condition—a professional dancer's negligent dancing that caused injury. *Id.* at 1166. The court explained that although it "applie[s] the notice requirement when a shipowner is alleged to be directly liable for a passenger's injuries through, for example, the negligent maintenance of its premises .… the notice requirement does not—and was never meant

4

to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Id.* at 1167. The court concluded by observing:

> A plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both. It may be true that, in some cases, it will [be] easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability. But common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability.

*Id.* at 1170.

In *Holland,* the plaintiff slipped and fell and brought negligent maintenance and negligent failure to warn claims alleging Defendant "'was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers' to maintain a hazard free stairway or to warn of any hazardous condition on the stairway." 50 F.4th at 1094. The Eleventh Circuit noted that "other than the claims' titles and the conclusory allegation asserting that Carnival was vicariously liable, there is nothing in Holland's complaint that would lead one to understand his claims as seeking to impose liability on an otherwise nonfaulty Carnival for an employee's negligence." *Id.* The plaintiff "did not identify any specific crewmember whose negligence caused Holland's injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment"; at the same time, the plaintiff alleged in each count of his complaint that Defendant had actual or constructive notice, allegations that are irrelevant "to a claim based on vicarious liability, but … are relevant to a claim based on [Defendant] Carnival's direct liability for its own negligence." *Id.* at 1094-95. The court accordingly construed the plaintiff's complaint as alleging negligence claims under a theory of direct liability and concluded that the plaintiff "failed to include factual allegations that plausibly suggest Carnival had constructive notice of the dangerous condition." *Id.* at 1095. However, the court in *Holland* explicitly found that "*Yusko* also reaffirmed that where, as here, *a plaintiff is relying on a theory of direct liability* 'to hold a shipowner liable

5

for maintaining dangerous premises' or 'for failing to warn of dangerous conditions,' the plaintiff must establish notice to the shipowner as a part of those claims." *Id.* at 1096-97 (citing *Yusko*, 4 F.4th at 1170) (emphasis added)).

As a threshold matter, Defendant's contention that "[t]he Eleventh Circuit in *Yusko* explicitly reaffirmed the notice requirement for both negligent maintenance claims and for negligent failure to warn claims" is incorrect. ECF No. [11] at 4. As noted above, *Yusko* explicitly clarified that "the notice requirement *does not*—and was never meant to—apply to *maritime negligence claims proceeding under a theory of vicarious liability*[.]" *Id.* at 1167 (emphasis added). As already observed, "[a] plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both." *Id.* Consistent with *Yusko*, Plaintiff alleges negligent maintenance (Count IV), negligent failure to correct (Count V), and negligent failure to warn (Count VI) claims under both theories. *See generally* ECF No. [1]. *Yusko* accordingly provides no support for dismissing Counts IV – VI simply because the Complaint also alleges those claims based on a theory of vicarious liability.

Moreover, the Court is unpersuaded by Defendant's contention that negligent maintenance, negligent failure to correct, and negligent failure to warn claims may only be alleged under a theory of direct liability, relying on *Britt v. Carnival Corp.*, 580 F. Supp. 3d 1211, 1215 (S.D. Fla. 2021) and *Worley v. Carnival Corp.*, Case No. 21-23501-CIV, 2022 WL 845467 (S.D. Fla. Mar. 22, 2022). This Court previously rejected Defendant's nearly identical argument in *Green v. Carnival Corp.*, 614 F. Supp. 3d 1257 (S.D. Fla. 2022), explaining:

> To the extent that Defendant appears to argue that the court in *Britt* ruled that *Yusko* established that "claims for negligent maintenance and failure to warn are limited to a theory of direct liability," the Court disagrees. 580 F.Supp. 3d at 1216. *Britt* and *Yusko* did not limit negligent maintenance and failure to warn claims as theories of direct liability *in all circumstances*. *Britt* merely held that plaintiffs may not work

around the notice requirement by reframing negligence claims under a theory of vicarious liability.

*Id.* at 1267 n.6 (emphasis in original).

Neither does the *Worley* decision mandate dismissal of Counts IV – VI. In *Worley*, the court dismissed with prejudice the plaintiff's negligent maintenance and negligent failure to warn claims brought under a theory of vicarious liability. *Worley v. Carnival Corp.*, No. 21-23501-CIV, 2022 WL 845467, at *2 (S.D. Fla. Mar. 22, 2022). The court relied on *Britt's* interpretation of *Yusko* as limiting such claims to a theory of direct liability only. *Id.* (quoting *Britt*, 2021 WL 6138848, at *5; *Billotte v. Carnival Corp.*, Case No. 22-20091-CIV, ECF No. [20] at 3 (S.D. Fla. Feb. 23, 2022)). *Worley* simply reiterates *Britt's* interpretation of *Yusko* as limiting negligent maintenance and negligent failure to warn claims to a theory of direct liability, an interpretation this Court rejected in *Green*. Defendant's reliance on *Worley* is therefore misplaced.

As Plaintiff points out in his Response, the Court's interpretation of *Yusko* is reinforced by Chief Judge Altonaga's subsequent decision in *Hunter v. Carnival Corp.*, 609 F. Supp. 3d 1305 (S.D. Fla. 2022). In *Hunter*, the plaintiff brought negligence claims under theories of direct liability and vicarious liability premised on the negligent setup of his cabin. *Id.* at 1307. Chief Judge Altonaga rejected the defendant's argument that, under *Yusko*, the plaintiff's negligent maintenance claims may only be brought under a theory of direct liability.[1] *Id.* at 1310-12. The court found that "*Britt*'s understanding of *Yusko* is too narrow[,]" and that *Yusko* instead "requires taking a plaintiff's claims as they are[.]" *Id.* at 1310. The court recognized "a plaintiff will not always be able to plead a vicarious liability claim plausibly"; however, *Yusko* does not "give courts

---

[1] The court noted its interpretation of *Yusko* is consistent with its prior order in *Billotte* because unlike the plaintiff in *Hunter* "[t]he plaintiff in *Billotte* never asserted a vicarious liability claim, so her direct claims for negligent maintenance and failure to warn required notice." *Hunter*, 609 F. Supp. 3d at 1310 n.2.

7

license to recast passengers' vicarious liability claims as negligent maintenance claims."[2] *Id.* The court concluded that "the plaintiff is certainly allowed to allege that the cabin steward negligently set up Plaintiff's cabin and that Defendant is vicariously liable as a result." *Id.* at 1310.

Moreover, Defendant's assertion that Plaintiff is attempting to circumvent the notice requirement for negligent maintenance, negligent failure to correct, and negligent failure to warn claims by pleading those claims under a theory of vicarious liability is without merit as Plaintiff also alleges those causes of action under a theory of direct liability. *See generally* ECF No. [1], Counts I – III. Defendant's failure to move for dismissal of those claims suggests that the Complaint's notice allegations are sufficient. As observed in *Green*, "plaintiffs are generally not required to allege actual or constructive notice of the danger to assert claims of vicarious liability. While the Eleventh Circuit's holding [in *Yusko*] does not permit plaintiffs to reframe their negligent failure to maintain claims as a vicarious liability claim in an obvious attempt to work around the notice requirement[,]" 614 F. Supp. 3d at 1266, this is not the case here.

Tellingly, the Eleventh Circuit's application of *Yusko* in *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. 2022) further supports the Court's conclusion. *Holland* explicitly reiterated that a plaintiff may plausibly allege such claims under either theory, or both, explaining:

> although we stated in *Yusko* that a plaintiff "may choose to proceed under a theory of direct liability, vicarious liability, or both," we noted that "common sense suggests that there will be just as many occasions where passengers are limited to a theory of direct liability" and that "[s]ometimes, as in *Keefe*, a passenger will not be able to identify any specific employee whose negligence caused her injury." *Id.* at 1170. This case is exactly the type of case described in *Yusko* where a passenger is limited to a theory of direct liability. Unlike the plaintiff in *Yusko*, Holland has not identified any specific Carnival employee's negligent action that caused his fall. And nothing in *Yusko* suggests that Holland can avoid pleading the elements necessary to allege Carnival's direct liability for negligent maintenance and failure

---

[2] The complaint alleged a "vicarious liability [claim] based on the active negligence of the cabin steward[,]" as well as a direct liability claim based on the defendant's failure to maintain the plaintiff's cabin. *Hunter*, 609 F. Supp. at 1307. The Court interprets *Hunter's* discussion of "negligent maintenance claims" as referring to negligent maintenance claims specifically brought under a theory of direct liability.

to warn by titling his claims as claims for vicarious liability and asserting in a conclusory allegation that Carnival was vicariously liable for any negligent action by any of its crewmembers.

*Id.* at 1097.

Here, as alleged, Plaintiff is alleging active negligence on the part of Defendant's employees as well as direct liability claims based on the Defendant's failure to maintain the floor surface where Plaintiff fell. As such, dismissal of Counts IV – VI is unwarranted.

### B. Sufficiency of the Allegations

Defendant argues, alternatively, that even if Plaintiff's claims may be brought under a theory of vicarious liability, Counts IV – VI nonetheless must be dismissed because Plaintiff fails to identify a specific negligent action by any of Defendant's employees. Defendant also points out that Plaintiff fails to allege any such employee owed Plaintiff a duty of care. Plaintiff responds that the Complaint plausibly alleges that Defendant is vicariously liable for the specific negligent acts of its employees.

Counts IV – VI each allege that "Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 described in Paragraph 13, owed Plaintiff, as a fare paying passenger, a duty of reasonable care for his safety[.]" ECF No. [1] ¶¶ 40, 46, 52. Plaintiff's negligent maintenance claim (Count IV) alleges this duty includes "a duty to maintain the floor surface of CARNIVAL's vessel where Plaintiff slipped and fell, in a reasonably safe condition[]", *id.* ¶ 40; his negligent failure to correct claim (Count V) alleges Defendant's employees owed Plaintiff "a duty to correct dangerous conditions of which they knew or should have known about in the exercise of reasonable care[]", *id.* ¶ 46; and his negligent failure to warn claim (Count VI) similarly alleges Defendant's employees' duty of reasonable care "include[es] a duty to warn passengers of hazards of which it knew or should have known in the exercise of reasonable care its passengers may reasonably be expected to encounter on the vessel." *Id.* ¶ 52. Defendant's

argument that Plaintiff fails to allege Defendant's employees breached a specific duty of care is accordingly controverted by the pleadings.

The same is true regarding Defendant's argument that Plaintiff "has not identified a certain employee or that employee's specific negligent action." ECF No. [10]. Defendant relies on *Holland* to support its position that dismissal is warranted due to Plaintiff's failure to identify a specific negligent action committed by any of Defendant's employees. However, as discussed above, the plaintiff in *Holland* "did not identify any specific crewmember whose negligence caused Holland's injury, much less a specific crewmember whose negligence occurred while acting within the scope of his employment[.]" *Id.* at 1094. Unlike *Holland*, Plaintiff does so here: Counts IV – VI each allege that the relevant duty of care was breached by "Defendant CARNIVAL's personnel assigned to maintain and/or clean the area on Deck 9 described in Paragraph 13" of the Complaint. ECF No. [1] ¶¶ 40, 46, 52. Paragraph 13 in turn describes Plaintiff's slip-and-fall on a wet surface while "walking from the exterior Lido Deck area to an interior area on Deck 9[.]" *Id.* ¶ 13. All three Counts allege that the employees' negligent acts "occurred while those crewmembers, agents, employees, and/or staff were engaged in the furtherance of the business of Defendant CARNIVAL's cruise ship LIBERTY." *Id.* ¶¶ 43, 49, 57. Plaintiff thus alleges the necessary elements of vicarious liability within each claim.

Counts IV – VI also identify specific employees, namely, Defendant's employees assigned to maintain, monitor, or warn passengers of hazards in the particular area of the Deck 9 where Plaintiff slipped and fell. Each Count alleges that those employees were negligent in several ways. For example, Count IV alleges that the employees assigned to the particular area of the Deck 9 were negligent by "[f]ailing to maintain the floor surface of the interior deck where Plaintiff slipped and fell[,]" to timely "remove, cordon off, or otherwise ameliorate the hazard[,]" to

"prevent wet, slippery, transitory, and/or foreign substances from accumulating on the interior area of Deck 9[,]" to "inspect, clean, and/or maintain the floor surface of the interior area of Deck 9 … where Plaintiff slipped[,]" and "to conduct frequent, timely, or adequate inspections of the area[.]" *Id.* ¶ 42. Counts V and VI similarly allege several ways in which those employees breached their respective duties of reasonable care. *See id.* ¶¶ 48, 55.

Plaintiff thus identifies specific employees by virtue of their alleged assignment to the particular area where he fell and alleges several ways in which those employees breached their respective duties of reasonable care. Defendant provides no support for its position that Counts IV – VI must be dismissed for failing to identify those employees with greater specificity. For his part, Plaintiff provides case law supporting his position that describing the employee or employees in question by their role or task so that Defendant may identify them from its records is sufficient. *See, e.g.*, *Mclean v. Carnival Corp.*, No. 22-23187-CIV, 2023 WL 372061, at *1 (S.D. Fla. Jan. 24, 2023); *Davis v. Carnival Corp.*, No. 22-CV-24109, 2023 WL 5955700 (S.D. Fla. July 31, 2023); and *Hunter v. Carnival*, 609 F. Supp. 3d 1305, 1307 (S.D. Fla. 2022).

In *McLean*, the court denied defendant's motion to dismiss plaintiff's negligence claims resulting from defendant's crewmembers misaligning a gangway. The court found the plaintiff's allegations regarding its vicarious liability negligence claims were sufficient despite the plaintiff's failure to "specifically name the crewmembers[.]" 2023 WL 372061, at *3. The court explained "there is no requirement in the law that [the plaintiff] do so … and that [t]here were, undoubtedly, specific crewmembers involved in the incident that the [p]laintiff alleges." *Id.* The court also observed that the plaintiff's allegations "are not general allegations of a failure to maintain a safe premises." *Id.* (citing *Yusko*, 4 F.4th at 1167).

In *Davis*, the court similarly denied defendant's motion to dismiss, concluding plaintiff plausibly alleged defendant was vicariously liable for the negligence of "[t]he crewmembers who were in the immediate vicinity" of the surface on which plaintiff slipped. 2023 WL 5955700, at *2. The plaintiff supported those allegations by providing a photo of one of the allegedly negligent employees. *Id.*, at *1. The court found plaintiff's allegations that "the specific crewmembers owed her a duty of reasonable care, that the crewmembers breached that duty, and that the breach proximately caused her actual harm" were sufficient. *Id.*, at *4. The court also found plaintiff "should not be required to name each crewmember involved in the incident and her allegations are not general allegations of a failure to maintain a safe premises." *Id.* (citing *Mclean v. Carnival Corp.*, 22-23187-CIV, 2023 WL 372061 (S.D. Fla. Jan. 24, 2023); *Hunter*, 609 F. Supp. 3d at 1311 n.3).

The court in *Hunter* similarly rejected the defendant's argument that the plaintiff's vicarious liability negligence claims must be dismissed for failing to sufficiently allege the identity of an employee who negligently set up plaintiff's cabin. The court explained that the plaintiff's amended complaint "identifies the allegedly negligent employee by his or her position (cabin steward), cabin assignment (cabin 3104), and conduct (placing the ladder on the short end of the bunkbed); and alleges that these facts will easily enable Defendant to identify the employee during discovery.… These allegations suffice." 609 F. Supp. 3d at 1311 n.3 (record citation omitted).

The Court agrees with Plaintiff that Counts IV – VI identify the allegedly negligent employees and their negligent actions with enough specificity to state a claim for relief. As this Court previously stated in *Green*, "[t]he Court is unaware of any legal authority that requires the plaintiff to allege the names of the employees who were negligent at this stage of the proceedings." 614 F. Supp.3d at 1267. Defendant has provided no such authority here, nor has it provided case

law suggesting that Counts IV – VI must be dismissed for failing to sufficiently identify the allegedly negligent employees.

Furthermore, Defendant's attempts to distinguish *Davis*, *McLean*, and *Hunter* are unpersuasive. Defendant contends that, unlike *McLean*, there is no easy way to ascertain which employees were responsible for maintaining the area of the Deck 9 where Plaintiff fell because those employees could be any of "the several hundreds of Carnival employees who worked on the *Liberty*." ECF No. [17] at 2. Defendant similarly argues *Hunter* and *Davis* are distinguishable because, in *Hunter*, "no other crewmember would have set up [the plaintiff's] bunk bed[,]" *id.*, while the plaintiff in *Davis* attached a photograph to narrow down the list of potential negligent employees.[3]

Defendant's contention that identifying the negligent employees in question was *easier* in those cases provides no basis for dismissal. As discussed, Plaintiff alleges Defendant employs employees specifically assigned to monitor, maintain, and warn passengers of hazards in the particular area of the Deck 9 where Plaintiff fell. Taking those allegations as true, they plausibly allege that specific employees were negligent and provide enough specificity to permit Defendant to identify those employees during discovery. Whether Defendant ultimately does so—and whether Plaintiff substantiates its allegation that such employees are in fact assigned to monitor

---

[3] Defendant overemphasizes the role plaintiff's photograph of one of the allegedly negligent employees played in the court's conclusion in *Davis*. As discussed above, *Davis* concluded that the plaintiff's allegations sufficiently identified negligent employees and that the photograph would help Defendant narrow down the list of additional employees. 2023 WL 5955700, *4. While it is true that, unlike here, the plaintiff in *Davis* alleged that those crewmembers "saw the condition before" the plaintiff's incident, *id.*, the Court does not read *Davis* as suggesting a plaintiff's allegations are implausible in the absence of this allegation.

the area of the Deck 9 where he fell—are plainly factual questions that cannot be resolved at this stage in the proceedings.[4]

Defendant also argues that, unlike *McLean* and *Davis*, Plaintiff's allegations in Count IV – VI constitute general premises liability allegations and accordingly fail to state a claim for relief. The Court disagrees. To be sure, Plaintiff's allegations are stated at a higher level of generality than the allegations in *McLean* and *Davis*. Those allegations also raise a greater possibility that Defendant's employees did not breach their duty of reasonable care, for instance, because the employees assigned to monitor the area of the Deck 9 where Plaintiff fell adequately monitored and maintained that area while reasonably notifying passengers of potential hazards. As discussed, however, Counts IV – VI allege those employees were negligent for failing to exercise their duty of reasonable care with respect to the specific area where Plaintiff fell and allege specific ways in which they did so.

Taking those allegations as true, any one of those negligent actions—or a combination of those actions, such as failing to both inspect and remove the hazard—plausibly supports Plaintiff's claim that Defendant is vicariously liable for the negligence of those employees. As in *Davis*, Plaintiff alleges "specific crewmembers owed h[im] a duty of reasonable care, that the crewmembers breached that duty, and that the breach proximately caused h[im] actual harm … [a]nd [he] asserts those crewmembers were acting within the scope of their employment …. Those facts alone are sufficient to support that the crewmembers acted negligently, and that [Defendant] Carnival may be vicariously liable for the crewmembers' active negligence." *Davis*, 2023 WL

---

[4] Defendant's reliance on *Atkinson v. Carnival Corp.*, No. 20-20317-CIV, 2022 WL 426455, at *8 (S.D. Fla. Feb. 1, 2022), *report and recommendation adopted in part*, No. 20-20317-CIV, 2022 WL 405366 (S.D. Fla. Feb. 10, 2022) for the general proposition that "when pursuing a claim of vicarious liability, a plaintiff must both plead this theory of liability and be able to determine that a certain employee or agent was responsible for his harm" accordingly provides no basis for dismissal.

5955700, at *4. Plaintiff ultimately "may be unable to prove the crewmembers' negligence, but [he] must nonetheless be allowed to assert a vicarious liability claim against [Defendant] Carnival." *Id. See also Hunter*, 609 F. Supp. at 1310 ("Plaintiff may or may not be able to prove the cabin steward's negligence in the end. But Plaintiff is certainly allowed to allege that the cabin steward negligently set up Plaintiff's cabin and that Defendant is vicariously liable as a result.").

The Court accordingly concludes that Counts IV – VI plausibly allege that Defendant is vicariously liable for its employee's negligent maintenance, negligent failure to warn, and negligent failure to correct the area of Deck 9 where Plaintiff fell.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint, **ECF No. [11]**, is **DENIED**.
2. Defendants shall file their Answer to the Complaint **by February 23, 2024.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 13, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record